Timothy W. Sorenson, Dallas, for appellant.

John Clark Long, IV, Arlington, for appellee.

**Gerry Means HAIRGROVE, Appellant,**

v.

**CRAMER FINANCIAL GROUP, INC., Appellee.**

No. 2–94–196–CV.

Court of Appeals of Texas, Fort Worth.

March 23, 1995.

Rehearing Overruled May 4, 1995.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION

DAY, Justice.

Gerry Means Hairgrove (Hairgrove) appeals from a summary judgment granted in favor of Cramer Financial Group, Inc. (Cramer) in a suit for judicial foreclosure arising from Hairgrove's default on a note held by Cramer. We affirm.

On January 30, 1986, Hairgrove executed a promissory note in the amount of $75,000 to MBank–Houston, N.A., pledging certain securities purchased with the loan funds. Later, the FDIC took over MBank and sold the loan and assigned its rights in the collateral to BankOne Texas, N.A. BankOne then sold the loan and assigned its rights in the collateral to Cramer.[1]

Hairgrove defaulted on her note, and Cramer sought a judicial foreclosure on the remaining indebtedness. The trial court granted summary judgment for Cramer for the outstanding balance of the note plus in-

---

1. When BankOne sold its interest in the loan and assigned its rights in the collateral under the security agreement to Cramer, it no longer had any right in the loan or collateral. *See Associat-* *ed Telephone Directory Publishers, Inc. v. Five D's Publishing Co.,* 849 S.W.2d 894, 897 (Tex.App.—Austin 1993, no writ).

terest and attorney fees, and ordered foreclosure of the collateral.

In two points of error, Hairgrove asserts the trial court erred in granting summary judgment because BankOne failed to give Hairgrove notice of the sale of the loan and assignment of its security interest in the collateral to Cramer. Hairgrove argues that BankOne's sale of the loan and assignment of its rights in the collateral constituted a disposition of the collateral under section 9.504 of the Texas Business and Commerce Code, thus entitling Hairgrove to notice of the disposition. *See* TEX.BUS. & COM.CODE ANN. § 9.504(c) (Vernon 1991). We disagree.

Section 9.504 addresses the actual foreclosure sale of collateral after default. *See id.* It does not address a party assigning its rights in the collateral to another party.[2] Therefore, BankOne's sale of the loan and assignment of its rights in the collateral to Cramer does not constitute a disposition of the collateral requiring notice under section 9.504. We overrule points of error one and two.

We affirm the trial court's grant of summary judgment.

---

**2.** *See generally* RONALD A. ANDERSON, UNIFORM COMMERCIAL CODE § 9–504:28 (3rd Ed.1994), stating:

In applying UCC § 9–504 it is necessary to distinguish between (1) a foreclosure sale of the collateral and (2) ... a sale by the creditor of the creditor's rights under the security agreement.... It is only the first of these transactions that comes within the scope of UCC § 9–504.

